United States District Court
Southern District of Texas
**ENTERED**
April 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NKRUMAH LUMUMBA VALIER, | § | |
| TDCJ # 01546714, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-1165 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

State inmate Nkrumah Lumumba Valier has filed a petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Having reviewed this matter under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and having considered the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this case for the reasons explained below.

## I.     <u>BACKGROUND</u>

Valier's petition challenges a 40-year sentence imposed in 2008 for aggravated sexual assault, Case No. 1150625, 183d District Court for Harris County.  *See* Dkt. 1; Inmate Information Search, Texas Department of Criminal Justice, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited Apr. 4, 2024); Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/ Edocs/Public/search.aspx (last visited Apr. 4, 2024).  Valier previously filed a federal habeas petition challenging the same conviction, which the court dismissed with prejudice.

*See Valier v. Stephens*, Civil Action No. 4:13-3257 (S.D. Tex. June 29, 2014), *cert. of appealability denied*, Appeal No. 14-20460 (5th Cir. Apr. 9, 2015).  Valier filed at least one additional challenge to the same conviction, which the court dismissed as an unauthorized successive petition.  *See Valier v. State of Tex.*, Civil Action No. 4:23-2159 (S.D. Tex. June 15, 2023).

Valier has moved the Fifth Circuit for authorization to file a successive petition challenging his conviction for aggravated sexual assault.  On July 13, 2023, the appellate court denied his most recent motion and issued a sanctions warning based on Valier's frivolous and repetitive filings.  *In re Nkrumah Lumumba Valier*, No. 23-20277 (5th Cir. July 13, 2023).

## II.  <u>DISCUSSION</u>

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), codified as amended at 28 U.S.C. § 2241 *et seq*.  AEDPA imposes restrictions on "second or successive" applications for habeas relief.  Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).  If a pending petition qualifies as a successive writ application, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an

2 / 5

appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).   If a claim in a second or successive petition was presented in a previous petition, it must be dismissed.  28 U.S.C. § 2244(b)(1).  If a claim in a second or successive petition was not presented in a previous petition, it must be dismissed unless the petitioner satisfies the following standard:

> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; ***or***

> (B)    (i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; ***and***

> (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (emphasis added).

Valier's current petition challenging his 2008 conviction meets the second-or-successive criteria.  *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003).  To the extent his petition re-urges habeas claims that were dismissed in his earlier federal proceedings, his claims must be dismissed under 28 U.S.C. § 2244(b)(1). To the extent he

argues that he brings new claims that could not have been previously discovered, this Court lacks jurisdiction over his claims because he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of his petition.  Therefore, even assuming that Valier could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims.  *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321; *Crone*, 324 F.3d 837-38.

For the reasons stated above, the Court will dismiss this habeas action as an unauthorized successive writ.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*,

537 U.S. at 336 (cleaned up).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.     This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2.     All pending motions, if any, are **DENIED as moot**.

3.     A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____April 9_____, 2024.


                              _____
                              GEORGE C. HANKS, JR.
                              UNITED STATES DISTRICT JUDGE